# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SEAN DONAHUE,** | : | **Civil No. 3:17-CV-1759** |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **(Judge Mariani)** |
| | : | |
| **UNITED STATES SECRETARY** | : | **(Magistrate Judge Carlson)** |
| **OF LABOR, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## REPORT AND RECOMMENDATION

### I.    Factual Background

This case comes before us for a legally-mandated screening review of the plaintiff's proposed amended complaint, the plaintiff's initial complaint having been found legally insufficient but the plaintiff having been provided one final opportunity to try to amend his pleading to conform to the dictates of law.

As we previously noted this latest complaint arises out of longstanding grievances and grudges voiced by Sean Donahue in this past. The plaintiff, Sean Donahue, is a prodigious, albeit prodigiously unsuccessful, *pro se* litigant who has filed more than two dozen lawsuits in federal court since 2013.[1] Many of these lawsuits arise out of arrests and convictions of Donahue in state court for allegedly

---

[1] A summary listing of these prior cases is attached as Appendix A to the Report and Recommendation

1

disruptive conduct at various local unemployment and employment services offices.

Donahue's latest federal lawsuit followed this familiar pattern. In his latest *pro se* complaint, Donahue named the United States Department of Labor and Secretary of Labor, the Commonwealth of Pennsylvania, and the Luzerne/Schuylkill Counties Workforce Investment Boards as defendants. (Doc. 1.) Donahue alleged that he was entitled to certain preferential job placement services as a veteran, and contended that a criminal sentence imposed against him in state court, which directed that he refrain from entering specific local CareerLinks offices, interfered with his ability to obtain this preferential hiring status as a veteran. (Id.) Accordingly, Donahue invoked the mandamus jurisdiction of this court, requested that we "quash" any state court orders limiting his access to these facilities, access that was curtailed following criminal prosecutions for alleged misconduct on Donahue's part, and asked that we direct the Department of Labor to give him priority job placements. (Id.)

Along with this complaint, Donahue filed a motion for leave to proceed *in forma pauperis,* (Doc. 2) which we granted but upon a screening review of the complaint we recommended that the complaint be dismissed without prejudice to allowing Donahue one final opportunity to try to file a proper pleading in federal

court. (Doc. 4.) The district court adopted this Report and Recommendation, (Doc. 5), on November 14, 2017 and directed Donahue to file an amended complaint within 21 days.

Donahue has now filed this proposed amended complaint. (Doc. 6.) A review of this amended complaint reveals that it is more in the nature of a polemic rather than a pleading.[2] However, from our review of this document we discern that Donahue's amended complaint, like his original pleading, asserts that the court has an absolute and non-discretionary duty to intervene in these state court criminal cases, and modify the orders imposed in those case to allow Donahue untrammeled access to certain CareerLinks offices that he is presently banned by state court order from visiting. (Id.)

Because we believe for reasons that we have previously explained to Donahue that this complaint rests on fundamentally erroneous legal premises, we now recommend that this complaint be dismissed with prejudice.

---

[2] This amended pleading also adds the President, Donald Trump, as a respondent, and suggests that both the President and the Secretary of Labor would secretly like Donahue to prevail in this quixotic litigation. These curious and speculative assertions regarding the undisclosed affinities of executive branch officials add nothing to the merits of Donahue's claims.

## II.    Discussion

### A.    Screening of *Pro Se* Complaints–Standard of Review

This Court has an on-going statutory obligation to conduct a preliminary review of *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis* in cases which seek redress against government officials. See 28 U.S.C. § 1915(e)(2)(B)(ii). Thus, in this case we are obliged to review the complaint to determine whether any claims are frivolous, malicious, or fail to state a claim upon which relief may be granted. This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) continuing with our opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008)]and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the Court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court held that, when considering a

motion to dismiss, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678.  Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 679.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions.  Rather, a complaint must recite factual allegations  sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal  conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to  show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

As the court of appeals has observed: "The Supreme Court in Twombly set forth the 'plausibility' standard for overcoming a motion to dismiss and refined this approach in Iqbal. The plausibility standard requires the complaint to allege 'enough facts to state a claim to relief that is plausible on its face.' Twombly, 550 U.S. at 570, 127 S.Ct. 1955. A complaint satisfies the plausibility standard when the factual pleadings 'allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 556, 127 S.Ct. 1955). This standard requires showing 'more than a sheer possibility that a defendant has acted unlawfully.' Id. A complaint which pleads facts 'merely consistent with' a defendant's liability, [ ] 'stops short of the line between possibility and plausibility of "entitlement of relief." ' " Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220-21 (3d Cir. 2011) cert. denied, 132 S. Ct. 1861, 182 L. Ed. 2d 644 (U.S. 2012).

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis: "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Iqbal, 129 S.Ct. at 1947. Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Id. at 1950. Finally, 'where there are well-

pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' Id." Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010).

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

Judged against these legal guideposts, for the reasons set forth below it is recommended that this amended complaint now be dismissed with prejudice.

## B. Donahue's Amended Complaint Still Fails to State a Claim Upon Which Relief May Be Granted

In this case Donahue's amended mandamus complaint continues to run afoul of a series of insurmountable legal obstacles. Indeed, as set forth below, the complaint is fatally flawed in at least three different ways.

### 1. Donahue is Not Entitled to Mandamus Relief

At the outset, dismissal of this amended complaint is warranted because Donahue is not entitled to the extraordinary relief of a writ of mandamus in this case. A petition for writ of mandamus is an ancient form of common law judicial relief, a request for a court order compelling a public official to perform some

legally-mandated duty. The power of federal courts to issue writs of mandamus is now defined in a federal statute, 28 U.S.C. § 1361, which provides that: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

Writs of mandamus compelling government officials to take specific actions, are extraordinary forms of relief, which must comply with demanding legal standards. Thus, it is well-settled that "The writ is a drastic remedy that 'is seldom issued and its use is discouraged.' " In re Patenaude, 210 F.3d 135, 140 (3d Cir. 2000) (quoting Lusardi v. Lechner, 855 F.2d 1062, 1069 (3d Cir. 1988)). Accordingly, as a general rule:

> There are two prerequisites to issuing a writ of mandamus. [Petitioners] must show that (1) they have no other adequate means to attain their desired relief; and (2) their right to the writ is clear and indisputable. See In re Patenaude, 210 F.3d 135, 141 (3d Cir.2000); Aerosource, Inc. v. Slater, 142 F.3d 572, 582 (3d. 1988).

Hinkel v. England, 349 F.3d 162, 164 (3d Cir. 2003).

Moreover, "[m]andamus is an extraordinary remedy that can only be granted where a legal duty 'is positively commanded and so plainly prescribed as to be free from doubt.' " Appalachian States Low-Level Radioactive Waste Comm'n v. O'Leary, 93 F.3d 103, 112 (3d Cir.1996) (quoting Harmon Cove Condominium

Ass'n, Inc. v. Marsh, 815 F.2d 949, 951 (3d Cir.1987)). See Ararat v. District

Director, ICE, 176 F.App'x. 343 (3d Cir. 2006). Therefore:

> Mandamus "is intended to provide a remedy for a plaintiff only if he
> has exhausted all other avenues of relief and only if the defendant owes
> him a clear nondiscretionary duty." Heckler v. Ringer, 466 U.S. 602,
> 616, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984) (discussing the common-
> law writ of mandamus, as codified in 28 U.S.C. § 1361). See also
> Stehney, 101 F.3d at 934 (mandamus relief is a drastic remedy only to
> be invoked in extraordinary circumstances).

Stanley v. Hogsten 277 F.App'x. 180, 181(3d Cir. 2008).

As one court has aptly observed when describing the precise and exacting

standards which must be met when a petitioner invokes the writ of mandamus:

> The remedy of mandamus "is a drastic one, to be invoked only in
> extraordinary circumstances." Allied Chemical Corp. v. Daiflon, Inc.,
> 449 U.S. 33, 34,(1980). Only "exceptional circumstances amounting to
> a judicial 'usurpation of power' " will justify issuance of the writ.
> Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 289
> (1988) (quoting Will v. United States, 389 U.S. 90, 95(1967)); see also
> In re Leeds, 951 F.2d 1323, 1323 (D.C.Cir.1991). Mandamus is
> available only if: "(1) the plaintiff has a clear right to relief; (2) the
> defendant has a clear duty to act; and (3) there is no other adequate
> remedy available to plaintiff." In re Medicare Reimbursement
> Litigation, 414 F.3d 7, 10 (D.C.Cir.2005) (quoting Power v. Barnhart,
> 292 F.3d 781, 784 (D.C.Cir.2002)); see also Banks v. Office of Senate
> Sergeant-At-Arms and Doorkeeper of the United States Senate, 471
> F.3d 1341, 1350 (D.C.Cir.2006) (concluding that the extraordinary
> remedy of mandamus need not issue in a case arising under the
> Congressional Accountability Act where the issue could be addressed
> by an appeal from a final judgment). The party seeking mandamus "has
> the burden of showing that 'its right to issuance of the writ is clear and

indisputable.' " <u>Power v. Barnhart</u>, 292 F.3d at 784 (quoting <u>Northern States Power Co. v. U.S. Dep't of Energy</u>, 128 F.3d 754, 758 (D.C.Cir.1997)). Where the action petitioner seeks to compel is discretionary, petitioner has no clear right to relief and mandamus therefore is not an appropriate remedy. <u>See, e.g., Heckler v. Ringer</u>, 466 U.S. 602, 616, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984); <u>Weber v. United States</u>, 209 F.3d at 760 ("[M]andamus is proper only when an agency has a clearly established duty to act.").

<u>Carson v. U.S. Office of Special Counsel,</u> 534 F.Supp.2d 103, 105 (D.D.C.2008).

Applying these exacting benchmarks, courts have frequently held that mandamus relief does not lie against the United States Department of Labor, compelling that federal agency to follow any particular course of action in the fields consigned to that agency's discretion. <u>See, e.g.</u>, <u>Penn Terminals, Inc. v. McTaggart</u>, No. CIV. A. 99-2899, 2000 WL 361870, at *1 (E.D. Pa. Apr. 9, 2000); <u>DeLuca v. U.S. Dep't of Labor, Employment Standards Admin.</u>, No. C.A. 93-1208, 1993 WL 232879, at *1 (E.D. Pa. June 28, 1993); <u>Mallick v. Usery</u>, 427 F. Supp. 964, 964 (W.D. Pa. 1977).

These principles apply here and call for dismissal of Donahue's amended mandamus petition. Donahue's petition for writ of mandamus does not describe a plainly non-discretionary duty on the defendants' part. Nor does it set forth well-pleaded facts giving Donahue an absolute entitlement to the particular form of relief which he seeks. Since "[m]andamus 'is intended to provide a remedy for a

plaintiff only if . . .  the defendant owes him a clear nondiscretionary duty,' " Stanley v. Hogsten 277 F.App'x. at 181(citations omitted) and "[m]andamus is an extraordinary remedy that can only be granted where a legal duty 'is positively commanded and so plainly prescribed as to be free from doubt, ' " Ararat v. District Director, ICE,  176 F.App'x.  at 343 (citations omitted), the substantial element of discretion which is an inherent part of  many Department of Labor job placement programs compels us to deny this petition since we still cannot say on these facts that Donahue is entitled to untrammeled access to CareerLink offices where he is alleged to have indulged in disruptive behavior or the absolute job preferences which he seeks and that his "right to the writ is clear and indisputable." Hinkel v. England, 349 F.3d at 164.

## 2.     Donahue May Not Bring a Civil Action Based Upon a Criminal Case Which Resulted in a Conviction

In addition, Donahue's amended complaint fails because it continues to rest, in part, on a fatally flawed legal premise. At bottom, Donahue seeks to bring a civil rights action premised in part on claims arising out of a state criminal case, a case that he concedes resulted in a state conviction which has not otherwise been set aside or overturned since Donahue invites us to "quash" part of this state criminal sentence.

This he cannot do. Quite the contrary, it is well-settled that an essential element of a civil rights action in this particular setting is that the underlying criminal case must have been terminated in favor of the civil rights claimant. Therefore, where, as here, the civil rights plaintiff brings a claim based upon a state case that resulted in a conviction, the plaintiff's claim fails as a matter of law. The United States Court of Appeals for the Third Circuit has aptly observed in this regard:

> The Supreme Court has "repeatedly noted that 42 U.S.C. § 1983 creates a species of tort liability." Heck v. Humphrey, 512 U.S. 477, 483(1994) (quoting Memphis Community School Dist. v. Stachura, 477 U.S. 299, 305(1986) (internal quotation marks omitted)). Given this close relation between § 1983 and tort liability, the Supreme Court has said that the common law of torts, "defining the elements of damages and the prerequisites for their recovery, provide[s] the appropriate starting point for inquiry under § 1983 as well." Heck, 512 U.S. at 483( quoting Carey v. Piphus, 435 U.S. 247, 257-58,(1978)). The Supreme Court applied this rule in Heck to an inmate's § 1983 suit, which alleged that county prosecutors and a state police officer destroyed evidence, used an unlawful voice identification procedure, and engaged in other misconduct. In deciding whether the inmate could state a claim for those alleged violations, the Supreme Court asked what common-law cause of action was the closest to the inmate's claim and concluded that "malicious prosecution provides the closest analogy ... because unlike the related cause of action for false arrest or imprisonment, it permits damages for confinement imposed pursuant to legal process." Heck, 512 U.S. at 484. Looking to the elements of malicious prosecution, the Court held that the inmate's claim could not proceed because one requirement of malicious prosecution is that the prior criminal proceedings must have terminated in the plaintiff's favor, and the

inmate in <u>Heck</u> had not successfully challenged his criminal
conviction. <u>Id</u>.

<u>Hector v. Watt</u>, 235 F.3d 154, 155-156 (3d Cir. 2000).

In this case it is evident that Donahue's state criminal prosecution did not
conclude favorably since Donahue complains of the on-going effect of the sentence
imposed upon him, which forbade him for entering specific unemployment service
offices. Under the Supreme Court's favorable termination rule, the fact of this
conviction would checkmate any civil lawsuit arising out of this criminal
prosecution. In short, this complaint is based upon the fundamentally flawed legal
premise that Donahue can sue these officials for civil rights violations arising out
of his state prosecution even though he stands convicted in this state case. Since
this premise is simply incorrect, Donahue's complaint fails as a matter of law.

**3.     The Rooker-Feldman Doctrine Also Bars
        Consideration of This Case**

Moreover, at this juncture, where Donahue has filed a civil action which, in
part, invites this court to reject findings made by a state court and "quash" portions
of a state court sentencing order, the plaintiff also necessarily urges us to sit as a
state appellate court and review, re-examine and reject these state court rulings in
one of Donahue's state cases. This we cannot do. Indeed, the United States
Supreme Court has spoken to this issue and has announced a rule, the <u>Rooker-</u>

Feldman doctrine, which compels federal district courts to decline invitations to conduct what amounts to appellate review of state trial court decisions. As described by the Third Circuit:

> That doctrine takes its name from the two Supreme Court cases that gave rise to the doctrine. Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). The doctrine is derived from 28 U.S.C. § 1257 which states that "[f]inal judgments or decrees rendered by the highest court of a state in which a decision could be had, may be reviewed by the Supreme Court....". See also Desi's Pizza, Inc. v. City of Wilkes Barre, 321 F.3d 411, 419 (3d Cir.2003). "Since Congress has never conferred a similar power of review on the United States District Courts, the Supreme Court has inferred that Congress did not intend to empower District Courts to review state court decisions." Desi's Pizza, 321 F.3d at 419.

Gary v. Braddock Cemetery, 517 F.3d 195, 200 (3d Cir. 2008).

Because federal district courts are not empowered by law to sit as reviewing courts, reexamining state court decisions, "[t]he Rooker-Feldman doctrine deprives a federal district court of jurisdiction in some circumstances to review a state court adjudication." Turner v. Crawford Square Apartments III, LLP,, 449 F.3d 542, 547 (3d Cir. 2006). Cases construing this jurisdictional limit on the power of federal courts have quite appropriately:

> [E]mphasized the narrow scope of the Rooker-Feldman doctrine, holding that it "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers

complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."[Exxon Mobil Corp. v. Saudi Basic Industries Corp.], 544 U.S. at 284, 125 S.Ct. at 1521-22; see also  Lance v. Dennis, 546 U.S. 459, ----, 126 S.Ct. 1198, 1201, 163 L.Ed.2d 1059 (2006)

Id.

However, even within these narrowly drawn confines, it has been consistently recognized that the Rooker-Feldman doctrine prevents federal judges from considering lawsuits "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments," particularly where those lawsuits necessarily require us to re-examine the outcome of this state criminal case. As the United States Court of Appeals for the Third Circuit has observed in dismissing a similar lawsuit which sought to make a federal case out of state court rulings made in litigation relating to a prior state criminal case:

> The Rooker-Feldman doctrine divests federal courts of jurisdiction "if the relief requested effectively would reverse a state court decision or void its ruling."  Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 192 (3d Cir.2006) (internal citations omitted). The doctrine occupies "narrow ground."  Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). It applies only where "the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that

judgment." Id. at 291, 125 S.Ct. 1517. . . . Ordering the relief he seeks, however, would require the District Court to effectively determine that the state courts' . . . determinations were improper. Therefore, [Plaintiff] Sullivan's claims are barred by the Rooker-Feldman doctrine. To the extent Sullivan was not "appealing" to the District Court, but instead was attempting to relitigate issues previously determined by the Pennsylvania courts, review is barred by res judicata. See Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc., 571 F.3d 299, 310 (3d Cir.2009) (describing conditions in Pennsylvania under which collateral estoppel will bar a subsequent claim).

Sullivan v. Linebaugh, 362 F. App'x 248, 249-50 (3d Cir. 2010).

This principle applies here. Thus, in this case, as in Sullivan, the Rooker-Feldman and *res judicata* doctrines combine to compel dismissal of this case, to the extent that Donahue improperly invites us to act as a Pennsylvania appellate court for matters and claims relating to a state litigation arising out of the plaintiff's state criminal prosecution.

## C.   The Amended Complaint Should Be Dismissed With Prejudice

In civil cases *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, see Fletcher-Hardee Corp. v. Pote  Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend is not necessary in a case such as this where amendment would be futile or result in undue delay. Alston v. Parker, 363 F.3d

229, 235 (3d Cir. 2004). Here, we granted Donahue leave to amend but to no avail. Consideration of Donahue's amended complaint reveals that it continues to fail as a matter of law for reasons which we previously discussed with the plaintiff. Since Donahue has been unable to amend his complaint to state a viable claim upon which mandamus relief may be granted, allowing further leave to amend would be futile and foster undue delay in this case. Therefore, it is recommended that this action be dismissed with prejudice.

## III.  Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the Plaintiff's amended complaint be dismissed with prejudice.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record

developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 6th day of December, 2017.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

# APPENDIX A

| | | | |
|---|---|---|---|
| 3:13-cv-01043-WJN-TMB | Donahue v. Kachmarski et al | filed 04/22/13 | closed 05/31/13 |
| 3:13-cv-01071-WJN | Donahue v. Olexa | filed 04/24/13 | closed 06/24/13 |
| 3:13-cv-01109-RDM | Donahue v. Pierantoni et al | filed 04/26/13 | closed 01/09/15 |
| 3:13-cv-01271-WJN-TMB | Donahue v. Luzerne County Correctional Facility et al | filed 05/09/13 | closed 08/27/13 |
| 3:13-cv-01272-WJN-TMB | Donahue v. Luzerne County Correctional Facility et al | filed 05/09/13 | closed 08/27/13 |
| 3:13-cv-01273-WJN | Donahue v. Hazleton Police Department et al | filed 05/09/13 | closed 07/30/13 |
| 3:13-cv-01274-WJN | Donahue v. Commonwealth Of Pennsylvania et al | filed 05/09/13 | closed 07/30/13 |
| 3:13-cv-01275-WJN | Donahue v. Luzerne County Prison et al | filed 05/09/13 | closed 07/30/13 |
| 3:13-cv-01276-WJN | Donahue v. Stolfa et al | filed 05/09/13 | closed 07/30/13 |
| 3:13-cv-01277-WJN | Donahue v. Luzerne County Correctional Facility et al | filed 05/09/13 | closed 07/30/13 |
| 3:13-cv-01278-WJN | Donahue v. Pugh et al | filed 05/09/13 | closed 07/30/13 |
| 3:13-cv-01279-WJN | Donahue v. Luzerne County Correctional Facility Kitchen Supervisor | filed 05/09/13 | closed 07/30/13 |
| 3:13-cv-01280-WJN | Donahue v. Hearthway et al | filed 05/09/13 | closed 07/30/13 |
| 3:13-cv-01281-WJN | Donahue v. Luzerne County Correctional Facility | filed 05/09/13 | closed 07/30/13 |

3:13-cv-01282-WJN    Donahue v. Commonwealth Of Pennsylvania et al    filed 05/09/13  closed 07/30/13

3:13-cv-01283-WJN    Donahue v. Zola et al    filed 05/09/13  closed 07/30/13

3:13-cv-01284-WJN    Donahue v. Hazleton City Police Department et al    filed 05/09/13  closed 07/30/13

3:13-cv-01285-WJN    Donahue v. Hazleton Career Link et al    filed 05/09/13  closed 07/30/13

3:13-cv-01286-WJN    Donahue v. FBI Scranton Office    filed 05/09/13  closed 07/30/13

3:13-cv-01326-WJN-TMB    Donahue v. Luzerne County Correctional Facility et al    filed 05/15/13  closed 08/27/13

3:13-cv-01327-WJN    Donahue v. Ristowski et al    filed 05/15/13  closed 07/30/13

3:13-cv-01328-WJN    Donahue v. Commonwealth of PA et al    filed 05/15/13  closed 07/30/13

3:13-cv-01414-WJN-TMB    Donahue v. Luzerne County Public Defender's Office et al    filed 05/24/13  closed 07/31/13

3:13-cv-01567-WJN-TMB    Donahue v. Luzerne County Correctional Facility et al    filed 06/11/13  closed 07/24/13

3:14-cv-01351-MEM    Donahue v. City of Hazleton, PA et al    filed 07/15/14